IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF: )
 )  CASE NO. BK12-42712-TJM
JEFFREY ROBERT JONES and )
GRETCHEN CHRISTINE JONES, )  CHAPTER 7
 )
                Debtor(s). )

## ORDER

Hearing was held in, Nebraska, on July 10, 2013, on the Chapter 7 trustee's objection to exemptions (Fil. No. 34) and resistance by the debtors (Fil. No. 38). Kevin Ruser appeared for the debtors and Joseph H. Badami appeared as the Chapter 7 trustee.

As the objecting party, the trustee bears the burden of proving the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). As the parties are aware, Nebraska's exemption statutes have long been liberally construed in favor of the debtor. In re Bailey, 172 F. Supp. 925, 927 (D. Neb. 1959). However, for the reasons explained below, the trustee's objection is sustained.

Jeffrey Jones claims an exemption in a pension fund belonging to his late mother. The trustee objects, arguing that the fund is not an "inherited retirement account" as contemplated by the exemption statutes and caselaw interpreting those statutes and cannot be treated as a retirement account by the debtor.

Mr. Jones' mother passed away in November 2007. Her estate was probated and her assets were distributed between Mr. Jones and his brother as the only heirs. After Mr. Jones and his wife filed this bankruptcy case in December 2012, he was notified by his late mother's employer that her estate was the beneficiary of her pension plan, as she had no surviving spouse nor had she designated a beneficiary to receive the funds. Mr. Jones amended the bankruptcy schedules to reflect the existence of the pension plan and to claim an exemption in the nearly $35,000 he expects to receive from it. The exemption is claimed under Neb. Rev. Stat. § 25-1563.01[1] and 11 U.S.C. §

---

[1]That section states in relevant part:

25-1563.01. Stock, pension, or similar plan or contract; exempt from certain process; when

    In bankruptcy and in the collection of a money judgment, the following benefits shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors: To the extent reasonably necessary for the support of the debtor and any dependent of the debtor, an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service unless:

                                                               (continued...)

522(b)(3)(C)[2]. Nebraska debtors are allowed to claim the retirement fund exemption under both statutes. In re Euse, Case No. BK10-43179-TLS, 2011 WL 794143 (Bankr. D. Neb. Mar. 2, 2011).

The trustee challenges the claim of this exemption under the federal statute on the basis of the manner in which Mr. Jones will receive his share of the funds. The parties do not dispute that the plan is tax-exempt and it consists of funds paid into it by Mr. Jones' mother in anticipation of retirement.

The term "retirement funds" is not defined in the Bankruptcy Code. Most courts have determined that "the defining characteristic of 'retirement funds' is the purpose they are 'set apart' for, not what happens after they are 'set apart[,]'" Chilton v. Moser (In re Chilton), 674 F.3d 486, 489 (5th Cir. 2012), so funds originally set aside for retirement are considered retirement funds, even if the debtor was not the one who set them aside. As the Eighth Circuit Bankruptcy Appellate Panel stated, "[The statute] requires that the account be comprised of retirement funds, but it does not specify that they must be the *debtor's* retirement funds." Doeling v. Nessa (In re Nessa), 426 B.R. 312, 314 (B.A.P. 8th Cir. 2010).

Nearly all of the reported cases dealing with the exemptibility of inherited retirement accounts under § 522(b)(3)(C) involve debtors who received the funds either as a surviving spouse or as a designated beneficiary. Outside of those methods of inheritance, one case involved the pre-mortem trustee-to-trustee transfer of the funds, and another involved a debtor whose mother had deposited

---

[1](...continued)
    (1) Within two years prior to bankruptcy or to entry against the individual of a money judgment which thereafter becomes final, such plan or contract was established or was amended to increase contributions by or under the auspices of the individual or of an insider that employed the individual at the time the individual's rights under such plan or contract arose; or

    (2) Such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 408A of the Internal Revenue Code.

[2]That section states in relevant part:

Sec. 522. Exemptions
   . . .
    (b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. . . .
    . . .
      (3) Property listed in this paragraph is -
        . . .
      (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

funds in an IRA in the debtor's name. Research did not reveal a case with a fact situation similar to the present case, where the debtor is neither a surviving spouse nor a designated beneficiary, and has not received the funds through a direct transfer.

The distinguishing fact in this case is the journey the plan proceeds will take through the probate estate to be administered and distributed. In the reported cases, the retirement funds, generally in the form of IRAs, were deemed to maintain their nature as exemptible retirement funds after transfer, in their same form, to a beneficiary.

However, the Seventh Circuit Court of Appeals recently ruled that a trustee's objection to a claimed exemption in an inherited retirement account should have been sustained under circumstances where the funds in the account would lose their status as retirement funds under the tax code. In determining that the IRA was not exempt in the hands of the debtor, who was the designated beneficiary of her mother's IRA, the court of appeals found that the characteristics of an inherited IRA distinguish it from other retirement accounts, particularly because tax laws require a speedy disbursement of the funds after transfer. "In other words, an inherited IRA is a time-limited tax-deferral vehicle, but not a place to hold wealth for use after the new owner's retirement." In re Clark, 714 F.3d 559, 560 (7th Cir. 2013).

The Seventh Circuit acknowledged the Nessa and Chilton holdings that "money representing 'retirement funds' in the decedent's hands must be treated the same way in successors' hands," Id., but concluded that the funds lost that protection upon inheritance:

> [B]y the time the Clarks filed for bankruptcy, the money in the inherited IRA did not represent *anyone's* retirement funds. They had been Ruth's, but when she died they became no one's retirement funds. The account remains a tax-deferral vehicle until the mandatory distribution is completed, but distribution precedes the owner's retirement. To treat this account as exempt under § 522(b)(3)(C) and (d)(12) would be to shelter from creditors a pot of money that can be freely used for current consumption.

Id.

The court analogized the IRA's transfer at death to the concept of the debtor's mother withdrawing the funds prior to her death, holding them for a month, and then giving the money to the debtor. Either a transfer or a withdrawal would change the nature of the funds from retirement funds to money that could be reached by creditors, the court reasoned.

That rationale fits squarely in this case. Mr. Jones has not received any of his mother's "retirement funds," and he does not stand to do so. Right now, what he has is a future interest in receiving money. The plan administrator is obligated to pay the proceeds of the pension plan to the decedent's estate, at which point they will merely be cash. The decedent's estate will receive a lump-sum payout of the plan proceeds, which will be administered by the personal representative and paid out to the heirs, including Mr. Jones. By that point, the funds will have lost their identity as

"retirement funds" and will simply be an asset of the debtor subject to administration by the bankruptcy trustee. In other words, the funds in the pension plan will lose their "retirement" attributes by being liquidated through the probate estate. For that reason, the plan and its proceeds will lose any exemption as a retirement account.

IT IS ORDERED: The Chapter 7 trustee's objection to exemptions (Fil. No. 34) is granted.

DATED:     August 13, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Joseph H. Badami
    Kevin Ruser
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.